Filed 11/18/24  P. v. Soliz CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN SOLIZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B333746<br>(Super. Ct. No. 2022027042)<br>(Ventura County) |

Steven Soliz appeals following a trial at which the jury found him guilty of failing to register annually as a sex offender (Pen. Code, § 290.011, subd. (c); count 1)[1], failing to register every 30 days (*id.*, subd. (a); count 2), and possession of a controlled substance with a section 290, subdivision (c) prior (Health & Saf. Code, § 11377, subd. (a); count 3.)  The jury found true several allegations.  (§ 290.018, subdivision (b); § 290, subdivision (c).)  The court sentenced appellant to 16 months in prison on count 1.

---

[1] Undesignated statutory references are to the Penal Code.

The court imposed concurrent terms of 16 months in prison on count 2 and 90 days in jail on count 3. The count 3 term was deemed served based on appellant's credits.

Appellant contends his count 3 conviction must be reversed because admission of a criminalist's testimony and a report prepared by a non-testifying criminalist violated the Confrontation Clause, resulting in prejudice. The People concede a violation occurred. We will reverse appellant's count 3 conviction and otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was previously convicted of indecent exposure. (§ 314, subd. (1).) Appellant had acknowledged his duty to register in writing on three occasions. He last successfully completed registration on July 25, 2019.

In October 2022, Deputy Francisco Gil contacted appellant and searched his person. Deputy Gil, who had drug identification training, found a baggie with a white, crystalline-like substance he recognized as methamphetamine.

Ventura County Sheriff forensic scientist Maria Contreras tested the substance Deputy Gil recovered. She authored a "CONTROLLED SUBSTANCES REPORT" with a result of "[m]ethamphetamine." According to the report, Contreras's examination methods were "[c]olor tests" and "[i]nfrared spectroscopy." Contreras signed the report. Supervising forensic scientist Trevor Booth signed as the technical and administrative reviewer. Over objection, the court admitted the report into evidence as an exhibit.

Booth, not Contreras, testified at trial. He stated: "[W]e found the white crystalline material to be . . . methamphetamine or a substance containing methamphetamine." Booth had not

2

personally conducted the tests but had reviewed Contreras's report, as well as her notes, data, and analysis.  Booth did not recall speaking to Contreras about the case or being present for the testing she conducted.

Booth testified he could not conclusively determine a substance's chemical nature based solely on physical observation.  Deputy Gil testified to similar effect.

DISCUSSION

We conclude admission of Contreras's report, as well as Booth's testimony based on the report, violated the Confrontation Clause.  That clause prohibits admission of "testimonial hearsay" in most circumstances.  (*Crawford v. Washington* (2004) 541 U.S. 36, 53 [158 L.Ed.2d 177].)  Hearsay is an "out-of-court statement[] offered 'to prove the truth of the matter asserted.'" (*Smith v. Arizona* (2024) 144 S.Ct. 1785, 1792 [219 L.Ed.2d 420] (*Smith*); see also Evid. Code § 1200; *People v. Sanchez* (2016) 63 Cal.4th 665, 674.)

Contreras's report was hearsay.  The report was an out-of-court statement offered to prove the truth of its contents—chiefly, that the tested substance was methamphetamine.  To the extent Booth sought to offer an "'independent opinion'" based on his review of Contreras's work, *Smith* explains the Confrontation Clause can still be implicated.  (*Smith*, *supra*, 144 S.Ct. at p. 1800.)  Such an expert opinion is based on the truth of the analyst's underlying factual statements—for example, that the analyst "had performed certain tests according to certain protocols and gotten certain results."  (*Id.*, at pp. 1799-1800.)  If the hearsay is also testimonial, defendants in such cases would "have . . . a right to confront the person who actually did the lab

3

work, not a surrogate merely reading from her records." (*Id.* at p. 1801.)

Our Supreme Court has noted that "'[a] comprehensive definition of the term "testimonial" awaits articulation'" by the United States Supreme Court. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 398.) In *Smith*, a five-member majority of the high Court recently stated that the "testimonial" requirement "focuses on the 'primary purpose' of the statement, and in particular on how it relates to a future criminal proceeding." (*Smith*, *supra*, 144 S.Ct. at p. 1801.) But because articulating a comprehensive definition of testimonial was not the *Smith* Court's focus, we rely on earlier precedent to define that concept. (*Ibid.*)

*People v. Lopez* (2012) 55 Cal.4th 569 (*Lopez*) isolated two conditions for a statement to be testimonial. First, it "must have been made with some degree of formality or solemnity." (*Id.* at p. 581.) Second, the statement's "primary purpose" must "pertain[] in some fashion to a criminal prosecution . . . ." (*Id.* at p. 582; see also *People v. Dungo* (2012) 55 Cal.4th 608, 619.) We conclude Contreras's report met both conditions.

The primary purpose of Contreras's report pertained directly to a criminal proceeding. The report listed appellant as the arrestee and indicated Deputy Gil requested the analysis on behalf of the Ventura County Sheriff's Office. Contreras, who worked for that same office, conducted her analysis "to support the [drug] charge[]" against appellant. (*People v. Ogaz* (2020) 53 Cal.App.5th 280, 292 (*Ogaz*).) And the prosecution ultimately used her report to prove the nature of the controlled substance. "Considered as a whole, the circumstances surrounding the report's preparation convince us its primary purpose pertained to a criminal prosecution." (*Ibid.*)

4

We likewise conclude the report is sufficiently formal. In *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305, 308 [174 L.Ed.2d 314], the Court held that notarized "'certificates of analysis,'" described as affidavits identifying the seized substances as cocaine, were testimonial. Similarly, in *Bullcoming v. New Mexico* (2011) 564 U.S. 647, 652 [180 L.Ed.2d 610], the Court held that an analyst's unsworn, but signed, forensic laboratory report containing a "testimonial certification" qualified as formal. Here, while no certification or notarized affidavit exists, Contreras "signed the report, thereby attesting to its contents." (*Ogaz, supra*, 53 Cal.App.5th at p. 291.) Her signature "demonstrates she was willing to stand behind the information reflected therein." (*Ibid*.) The constitutional right to confront witnesses cannot hinge on the precise nomenclature criminalists use to endorse their results.

Comparison to *Lopez* further illustrates the testimonial nature of Contreras's report. In *Lopez*, the report consisted primarily of machine printouts. (*Lopez, supra*, 55 Cal.4th at p. 583.) The Court determined this type of machine-generated evidence did not implicate the Confrontation Clause. (*Ibid*.) On a separate page, the report also contained a notation linking the defendant's blood to a particular sample. However, neither the analyst nor his assistant "signed, certified, or swore to the truth of the contents" of that page. (*Id*. at p. 584.) Moreover, the notation appeared in a chart stating "FOR LAB USE ONLY." (*Ibid*.) Thus, the notation was "nothing more than an informal record of data for internal purposes . . . ." (*Ibid*.)

By contrast, here the report, titled "CONTROLLED SUBSTANCES REPORT," harbors no indication it is an internal document for lab use only. Nor is the report comprised primarily

5

of machine-generated printouts devoid of Contreras's "express or implied" statements. (*Lopez, supra,* 55 Cal.4th at p. 583.) Instead, the report serves to communicate Contreras's key result—that the substance recovered from appellant was methamphetamine. In sum, Contreras's report qualifies as testimonial hearsay. Therefore, the trial court erred in admitting the report, as well as the portions of Booth's testimony based on that report.

"Violation of the Sixth Amendment's confrontation right requires reversal of the judgment against a criminal defendant unless the prosecution can show 'beyond a reasonable doubt' that the error was harmless." (*People v. Rutterschmidt* (2012) 55 Cal.4th 650, 661.) Besides Contreras's report, the only notable evidence identifying the substance as methamphetamine was the substance's physical characteristics and Booth's testimony. Deputy Gil and Booth agreed physical observation alone is inadequate to determine a substance's true nature, hence the need for chemical analysis. As to Booth's testimony, his opinion was derived in part from the improperly admitted report. Booth's additional consideration of Contreras's notes, data, and analysis does not eliminate the problem that reliance on her report poses.

Regardless, the court admitted Contreras's report as an exhibit. This evidence has the strongest probative value given that it comes from the analyst who actually touched and tested the substance. We cannot conclude beyond a reasonable doubt that the jury would have convicted on count 3 without this key evidence. Accordingly, the error was not harmless.

DISPOSITION

The judgment is reversed as to count 3 and is otherwise affirmed.

6

NOT TO BE PUBLISHED.


                              CODY, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Kristi J. Pariso, Judge
Superior Court County of Ventura

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan M. Krauss and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.